ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL[1]**

| | | |
|---|---|---|
| **PABLO TORO MATOS** <br> RECURRENTE(S) <br><br><br> V. <br><br><br> **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** <br> RECURRIDA(S) | **KLRA202500347** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** <br><br> Caso Núm. **215-24-130** <br><br> Sobre: Querella Incidente Disciplinario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.

*Barresi Ramos*, juez ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 25 de agosto de 2025.

Comparece ante este Tribunal de Apelaciones, el señor **PABLO TORO MATOS** (señor **TORO MATOS**) mediante un *Alegato del Recurrente* instado el 10 de junio de 2025. En su recurso, nos solicita la revisión de la *Resolución (Querella Disciplinaria)* notificada el 6 de febrero de 2025 por el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**. Mediante la referida decisión, el oficial examinador determinó lo siguiente: se cometió el acto prohibido: Código 147 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional* (*Reglamento Disciplinario*), Reglamento Núm. 9221-2020; y no causa por el Código 108.[2] Por esto, se le declaró incurso y se le sancionó suspendiendo el privilegio de comisaría, recreación activa, visitas, actividades especiales y cualquier otro privilegio

---

[1] Véase *Orden Administrativa DJ 2024-062C de 6 de mayo de 2025* sobre *Designación de Paneles en el Tribunal de Apelaciones*.

[2] La *Resolución (Querella Disciplinaria)* fue entregada al señor **TORO MATOS** el 6 de febrero de 2025. Apéndice del *Alegato del Recurrente*, págs. 1- 4.

que se le conceda en la institución por el término de cuarenta (40) días calendarios

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

– I –

El 13 de diciembre de 2024, el **DCR** incoó un *Informe Disciplinario (Querella)* contra el señor **TORO MATOS** por la violación de los Códigos 108 y 147 del *Reglamento Disciplinario*.[3] En el *Informe Disciplinario*, el **DCR** puntualizó que el 12 de diciembre de 2024, al momento de entregarse la correspondencia del señor **TORO MATOS** que fuese abierta en su presencia, la oficial correccional encontró dentro de la carta un "aparente accesorio de teléfono celular" ("board"). El 7 de enero de 2025, se le notificó al señor **TORO MATOS** sobre la radicación del *Informe Disciplinario* mediante un *Reporte de Cargos*.[4]

A la audiencia pautada para el 28 de enero de 2025, compareció el señor **TORO MATOS** acompañado del licenciado Carlos García Morales. Surge del expediente que el licenciado García Morales interrogó a la oficial correccional Yaritza Ruiz.

Luego de haber escuchado la prueba testifical y examinar los anejos del *Informe Disciplinario (Querella)*, el oficial examinador encontró incurso al señor **TORO MATOS** por violar el código 147 de la Regla 15 del *Reglamento Disciplinario*, mas no por el código 108, y dictaminó la *Resolución (Querella Disciplinaria)* impugnada.

Inconforme, el 7 de febrero de 2025, el señor **TORO MATOS,** por derecho propio, presentó un escrito intitulado *Solicitud de Reconsideración sobre Querella Disciplinaria #215-24-13*.[5] Alegó, entre otras, que al no habérsele encontrado incurso en violación del código 108 de la Regla 15 del

---

[3] Apéndice del *Alegato del Recurrente*, págs. 5- 6.
[4] *Íd.*, pág. 32.
[5] *Íd.*, págs. 7- 13.

*Reglamento Disciplinario* no se le podía encontrar incurso en el código 147, toda vez que no existe prueba en su contra que demuestre el uso ilegal del correo o correspondencia.[6]

Después, el 26 de febrero de 2025, el señor **TORO MATOS**, por conducto de su representación legal, presentó su *Moci[ó]n Complementando Moci[ó]n de Reconsideraci[ó]n*.[7] El 12 de mayo de 2025, se emitió una *Determinación* suscrita por la oficial de reconsideración en la cual se declaró no ha lugar el petitorio y se reafirmó la sanción impuesta.[8]

Aun en desacuerdo, el 10 de junio de 2025, el señor **TORO MATOS** interpuso un *Alegato del Recurrente* ante este Tribunal de Apelaciones. En su escrito, señala el(los) siguiente(s) error(es):

> Erró el Honorable Juez examinador del Departamento de Corrección y Rehabilitación al hallar incurso al recurrente por violar el código 147 de la Regla 15 del Reglamento Disciplinario.
>
> Erró el Honorable Juez examinador del Departamento de Corrección y Rehabilitación al no permitir el testimonio de la testigo María Pacheco del libro de novedades, quien tiene conocimiento de un hecho ocurrido en octubre de 2024, donde se trató de hacerle daño al recurrente con una calumnia relacionada a la correspondencia.
>
> Erró el Honorable Juez examinador del Departamento de Corrección y Rehabilitación al llegar a conclusiones que se alejan de la prueba presentada, de la preponderancia de prueba y del Debido Proceso de Ley.

El 13 de junio de 2025, pronunciamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de treinta (30) días al **DCR**, por conducto de la **OFICINA DEL PROCURADOR GENERAL DE PUERTO RICO**, para presentar su alegato en oposición al recurso. Transcurrido algún tiempo, el 29 de julio de 2025, intimamos una *Resolución*, a los efectos de concederle un nuevo plazo perentorio de treinta (30) días al **DCR** para presentar su alegato en oposición.

El 18 de julio de 2025, el **DCR**, por conducto de la **OFICINA DEL**

---

[6] El código 108 de la Regla 15 del *Reglamento Disciplinario* versa sobre la posesión, distribución, uso, venta o introducción de teléfonos celulares o equipo de telecomunicaciones.

[7] Apéndice del *Alegato del Recurrente*, págs. 14- 15.

[8] *Íd.*, págs. 16- 22.

**PROCURADOR GENERAL DE PUERTO RICO**, compareció mediante *Solicitud de Consolidación y Relevo de Orden*. Interpeló la consolidación del presente recurso, con un segundo recurso de revisión judicial (**TA2025RA00017**) presentado el 9 de junio de 2025, por el señor **TORO MATOS** toda vez que recurre de la misma *Resolución (Querella Disciplinaria)* pronunciada por el **DCR**.

Evaluado concienzudamente el expediente del caso, nos encontramos en posición de resolver. Detallamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s) a los fines de adjudicar.

– II –

- A - *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[9] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[10] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[11]

Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[12]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una

---

[9] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[10] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[11] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[12] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).

controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[13]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[14] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[15]

La doctrina jurídica de *justiciabilidad* limita la intervención de los tribunales a aquellos casos en que exista una controversia genuina surgida entre partes opuestas que tengan un interés real en obtener un remedio.[16] Este principio constituye una autolimitación al ejercicio del Poder Judicial de arraigo constitucional y persigue el fin de evitar que se obtenga un fallo sobre una controversia inexistente, una determinación de un derecho antes de que el mismo sea reclamado o una sentencia en referencia a un asunto que, al momento de ser emitida, no tendría efectos prácticos sobre la cuestión sometida.[17] No se consideran controversias justiciables aquellas en que: 1) se procura resolver una cuestión política; 2) una de las partes carece de

---

[13] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*, pág. 395; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101-102 (2020).

[14] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[15] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*.

[16] *Ramos, Méndez v. García García*, 203 DPR 379, 393-394 (2019).

[17] *San Gerónimo Caribe Proyect v. ARPE*, 174 DPR 640 (2008).

legitimación activa; 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o; (5) se intenta promover un pleito que no está maduro.[18] Así pues, el ejercicio válido del poder judicial sólo se justifica si media la existencia de una controversia real y sustancial.[19]

La *academicidad* es una manifestación de la doctrina de *justiciabilidad*. Un caso es *académico* cuando se trata de obtener un fallo sobre una controversia disfrazada, que en realidad no existe, o una determinación de un derecho antes de que este haya sido reclamado o una sentencia sobre un asunto que, al dictarse, por alguna razón, no tendrá efectos prácticos sobre una controversia existente.[20] Como regla general, un caso es *académico* "cuando ocurren cambios durante el trámite judicial de una controversia particular que hacen que ésta pierda su actualidad, de modo que el remedio que pueda dictar el tribunal no ha de llegar a tener efecto real alguno en cuanto a esa controversia".[21]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[22] Una vez un tribunal determina que no tiene *jurisdicción*, "procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos".[23]

---

[18] *Íd.*
[19] *Ortiz v. Panel FEI*, 155 DPR 219 (2001).
[20] *Amador Roberts et als. v. ELA*, 191 DPR 268, 282 (2014).
[21] *Bhatia Gautier v. Gobernador*, 199 DPR 59 (2017).
[22] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el **recurso se ha convertido en académico**".*
[23] *Allied Mgmt. Group v. Oriental Bank, supra*, pág. 385.

– III –

Justipreciado el expediente ante nuestra consideración, atisbamos que el pasado 11 de agosto de 2025, notificada el mismo día, un panel hermano de este foro apelativo expidió una *Sentencia* confirmando la determinación recurrida, es decir, la *Resolución (Querella Disciplinaria)* intimada el 6 de febrero de 2025 por el **DCR**.[24]

Ante el hecho de que ambos recursos versan sobre la misma conclusión, y uno de estos fue resuelto, se han quedado sin efecto los señalamientos o fallos recurridos ante nuestra consideración; por lo que, colegimos que se ha tornado académico el *Alegato del Recurrente* ello aun cuando el(los) error(es) pudo(pudieron) haber sido justiciable(s) en un inicio. En consecuencia, los hechos medulares han cambiado; y hay una ausencia de controversia genuina entre las partes. Por ende, carecemos de *jurisdicción* para atender este recurso.

– IV –

Por los fundamentos antes expuestos, y en conformidad con la Regla 83(C) del *Reglamento del Tribunal de Apelaciones*, **desestimamos**, por **academicidad,** el *Alegato de Recurrent*e encausado el 10 de junio de 2025 por el señor **PABLO TORO MATOS**; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[24] Véase, *Sentencia* dictada el 11 de agosto de 2025 en el caso **TA2025RA00017**.